UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL SMITH,

        Petitioner,

v.                                  CIVIL ACTION NO. 04-CV-73038-DT
                                    HONORABLE GERALD E. ROSEN

JERI-ANN SHERRY,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

      Petitioner Carl Smith, a state prisoner currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Respondent Jeri-Ann Sherry is the warden at the Chippewa Correctional Facility.

      Petitioner was convicted of possession with intent to distribute less than 50 grams of cocaine and possession of a controlled substance (heroin) less than 25 grams following a jury trial in the Oakland County Circuit Court in 2002. He was sentenced as a fourth habitual offender to 3-40 years imprisonment on the cocaine conviction and 1-15 years imprisonment on the heroin conviction. In his pleadings, Petitioner raises claims concerning the propriety of a search and seizure and the sufficiency of the evidence to support his cocaine conviction. For the reasons stated below, the petition for writ of habeas corpus is denied.

**I.      Facts**

Petitioner's convictions stem from a drug bust that occurred at his mobile home in Pontiac, Michigan on October 30, 2001.  The Michigan Court of Appeals described the relevant facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> After conversing with an individual seated in a van parked outside defendant's mobile home, officers of the Southfield Police Department became suspicious of narcotics activity in the home.  Officer Lawrence Porter looked through the windows of the home and saw individuals moving about.  When a woman from inside began to leave the home, Officer Porter ordered the woman, along with three other individuals including defendant, to the ground and did a brief sweep of the home.  Officer Porter then asked the woman to give him what she had just bought, and she handed over a package of crack cocaine.  Officer Porter thereafter arrested defendant, and in lifting him off the ground, discovered packets of heroin. Officers found another packet of heroin on defendant after searching his body.  The officers thereafter obtained a search warrant, and in searching the home, found cocaine and drug paraphernalia.

*People v. Smith*, No. 241425, 2003 WL 22416618 at *1 (Mich. Ct. App. Oct. 23, 2003) (unpublished).

**II.     Procedural History**

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting the same illegal search and seizure and insufficient evidence claims contained in the present petition, as well as a sentencing claim.  The Michigan Court of Appeals affirmed his convictions.  *People v. Smith*, No. 241425, 2003 WL (Mich. Ct. App. Oct. 23, 2003) (unpublished).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the illegal search and seizure and insufficient evidence claims, as well as an ineffective assistance of counsel claim.  The Michigan Supreme Court denied leave to appeal.  *People v. Smith*, 469 Mich. 1045, 679 N.W.2d 70 (2004).  The court also

denied Petitioner's motion for reconsideration. *People v. Smith*, 469 Mich. 1045, 683 N.W.2d 675 (2004).

Petitioner thereafter filed his federal habeas petition asserting that: (1) the evidence seized from the search of his mobile home should have been suppressed as the fruit of an illegal search, (2) there was insufficient evidence to support his cocaine conviction, and (3) trial and appellate counsel were ineffective. Respondent initially filed a motion to dismiss the petition for failure to properly exhaust the ineffective assistance of counsel claim. In response to that motion, Petitioner filed a motion to strike the ineffective assistance claim and proceed only on the two exhausted claims. The Court granted Petitioner's motion to strike and denied Respondent's motion to dismiss. Respondent then filed an answer to the petition, as amended, asserting that it should be denied. Petitioner has filed a reply to the answer contending that his claims are meritorious.

### III.     Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination

>        of the facts in light of the evidence presented in the State court
>        proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision

4

contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, this Court presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.    Analysis**

    A.    Fourth Amendment Claim

Petitioner first asserts that he is entitled to habeas relief because the police conducted an improper search of his mobile home and the evidence seized from that search should have been suppressed at trial. Respondent contends that this claim is not cognizable and lacks merit.

Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim.  *See, e.g., People v. Ferguson*, 376 Mich. 90, 93-94 (1965) (motion to suppress), *People v. Harris*, 95 Mich. App. 507, 509 (1980). Petitioner has not shown that a failure of that procedural mechanism prevented him from litigating his claims.  The record reveals that Petitioner challenged the legality of the search and seizure prior to trial.  The trial court conducted a hearing but denied the motion to suppress. Petitioner again raised this issue on direct appeal.  The Michigan Court of Appeals conducted a thorough review of the Fourth Amendment issue, including Petitioner's challenges to the trial court's procedures, and concluded that Petitioner was not entitled to relief on this claim.  *See Smith*, 2003 WL 22416618 at *1-4.

Given this record, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment claim and that he received all the process he was due.  While Petitioner challenges the state courts' handling of his claim and their resulting decisions, he has not shown that the procedures were flawed such that he was unable to properly litigate this issue.

Petitioner contends that he was deprived of a full and fair opportunity to litigate his Fourth Amendment claims because the trial court chose to rely on police testimony from the preliminary examination to rule on the suppression motion, rather than conducting a new evidentiary hearing.  The mere fact that the trial court ruled on the motion to suppress evidence without conducting a new evidentiary hearing does not constitute a denial of a full and fair opportunity to litigate.  *See Sanders v. Oliver*, 611 F.2d 804, 808 (10th Cir. 1979) (state trial court's refusal to hear testimony on factual allegations at suppression hearing did not deny the petitioner an opportunity to fully and fairly litigate his illegal arrest claim where a prior hearing

before a state magistrate court had been full and unrestricted and included a complete examination of the police officer by the petitioner); *see also Gonzalez v. Superintendent, Sullivan Corr. Facility*, 761 F. Supp. 973, 976-77 (E.D.N.Y. 1991) (state procedures afforded petitioner full and fair opportunity to litigate illegal arrest claim despite the fact that both the trial and appellate courts denied his motion for a probable cause hearing on the ground that insufficient facts were asserted to warrant an evidentiary hearing); *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977) (habeas review not warranted where state trial court's decision not to hold an evidentiary hearing on a Fourth Amendment claim was based on finding that the petitioner's factual allegations did not conflict with the police affidavits).

Moreover, the opportunity to litigate encompasses more than an evidentiary hearing in the trial court. It also includes corrective action available through the appellate process on direct review of the conviction. *See Pulver v. Cunningham*, 419 F. Supp. 1221, 1224 (S.D.N.Y. 1976). Because all of the material facts were before the state appellate courts on direct review, the Michigan Court of Appeals addressed the relevant factual and procedural issues, and the appellate process was not otherwise deficient, Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims. Accordingly, his claim concerning the validity of the search of the mobile home and the seizure of evidence is not cognizable on habeas review pursuant to *Stone v. Powell*. Habeas relief is thus not warranted on this claim.

  B. <u>Insufficient Evidence Claim</u>

Petitioner next contends that he is entitled to habeas relief because there was insufficient evidence presented at trial to support his conviction for possession with intent to distribute less than 50 grams of cocaine. Respondent asserts that this claim lacks merit.

In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the United States Supreme Court established that a federal court's review of a sufficiency of the evidence claim must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319; *see also DeLisle v. Rivers*, 161 F.3d 370, 389 (6th Cir. 1998). The Court must view this standard through the framework of 28 U.S.C. § 2254(d). *See Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Further, the *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16. "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003) (citation omitted).

Under Michigan law, the prosecutor must prove the following elements to support a conviction for possession with intent to deliver less than 50 grams of cocaine: (1) that the recovered substance is cocaine, (2) that the cocaine is in a mixture weighing less than 50 grams, (3) that defendant was not authorized to possess the substance, and (4) that defendant knowingly possessed the cocaine with the intent to deliver. *People v. Wolfe*, 440 Mich. 508, 516-17, 489 N.W.2d 748, *mod*. 441 Mich. 1201 (1992).

The Michigan Court of Appeals considered this claim and concluded that there was sufficient evidence for a rational trier of fact to conclude that Petitioner was guilty of possession with intent to distribute less than 50 grams of cocaine. *See Smith*, 2003 WL 22416618 at *4-5.

This Court finds that the Michigan Court of Appeals' decision is consistent with *Jackson* and constitutes a reasonable application thereof, as well as a reasonable determination

of the facts in light of the evidence. The evidence at trial established that bags seized from the mobile home contained .216 grams and .1 gram of cocaine, thereby satisfying the first two elements. As to the third element, it is undisputed that Petitioner was not authorized to possess the cocaine. Lastly, the evidence viewed in a light favorable to the prosecution established that Petitioner was had constructive possession over the cocaine as he was the leaseholder of the mobile home and witnesses testified that he lived there and occupied the back bedroom. The evidence also showed an intent to distribute as the police found a tabulation sheet, three rocks of crack cocaine, a crack pipe, crack paraphernalia, Chore Boy, and little baggies in the main room, as well as clean baggies, plates with a cutting agent, and a razor blade in the bedroom. Such materials are consistent with drug distribution. Petitioner was also found with more than $1,100.00 on his person, while no one else in the mobile home possessed such a large sum of money. Given this evidence, a reasonable jury could find Petitioner guilty of possession with intent to distribute less than 50 grams of cocaine beyond a reasonable doubt.

Petitioner's insufficient evidence claim essentially challenges the weight to be accorded certain pieces of evidence. Such determinations, however, are not matters for federal habeas review. It is well-settled that a "federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983). Habeas relief is not warranted on this claim.

**V.     Conclusion**

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.


                              s/Gerald E. Rosen
                              Gerald E. Rosen
                              United States District Judge

Dated:  October 14, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 14, 2005, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager