UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL SMITH,

        Petitioner,

v.                                     CIVIL ACTION NO. 04-CV-73038-DT
                                       HONORABLE GERALD E. ROSEN

JERI-ANN SHERRY,

        Respondent.

_____/

### ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

      Petitioner has filed a motion for certificate of appealability concerning this Court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He also seeks leave to proceed on appeal *in forma pauperis*. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

      A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues

1

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal is warranted. *Id.*

As stated in the Court's dismissal order, Petitioner's Fourth Amendment claim is barred by *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). Additionally, the prosecution presented sufficient evidence to support his conviction under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Petitioner has not made a substantial showing of the denial of a constitutional right concerning his claims. Accordingly, the Court **DENIES** the request for a certificate of appealability. Given this determination, the Court also **DENIES** leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

    s/Gerald E. Rosen
    Gerald E. Rosen
    United States District Judge

Dated: November 30, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2005, by electronic and/or ordinary mail.

                                s/LaShawn R. Saulsberry
                                Case Manager